The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for modifications to Finding of Fact 15, Conclusion of Law 2 and Award Paragraph 1.
 *************
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. An employment relationship existed between plaintiff-employee and defendant-employer at all times relevant to this claim.
2. Defendant-employer and plaintiff-employee were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all times relevant to plaintiff's claim.
3. Florists Mutual Insurance Company was the carrier on the risk at the time of plaintiff's injury.
4. On or about January 8, 1993, plaintiff sustained an accident arising out of and in the course and scope of her employment with defendant-employer; the nature and extent of the injury that occurred as a result of said accident is in dispute.
5. The average weekly wage of the plaintiff was to be determined by a completed Form 22 provided by the employer.
 *************
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. Plaintiff experienced an injury by accident arising out of and in the course and scope of her employment with defendant-employer on January 8, 1993. On that date, she was lifting a 44 pound box of chemicals off a table and felt an immediate pulling sensation in her left arm and neck.
2. Plaintiff's average weekly wage based on the Form 22 is $302.68, which yields a compensation rate of $201.79 per week.
3. As a result of this injury, the plaintiff sought medical care at Mercy Medical Group and was diagnosed with neck and shoulder strain. She was treated conservatively and returned to work with restrictions.
4. After her return to work, the plaintiff continued to have difficulty with her left shoulder and neck. She took large doses of Tylenol for the pain she was experiencing as a result of her January 8, 1993 injury by accident.
5. On June 24, 1993, the plaintiff terminated her employment with defendant-employer for reasons unrelated to her compensation claim.
6. After the termination of her employment, plaintiff continued to have neck and shoulder pain. Plaintiff did not re-injure her neck or shoulder in any way.
7. In early November, 1993, plaintiff's symptoms began to worsen. These symptoms were the same symptoms that plaintiff had experienced as a result of her January 8, 1993 injury by accident.
8. On November 23, 1993, plaintiff sought medical care from Dr. David A. Rinehart. Dr. Rinehart suspected cervical radiculopathy and referred the plaintiff to Dr. Bruce V. Darden, III, an orthopaedic spine specialist.
9. Dr. Darden diagnosed plaintiff with cervical spondylosis and foraminal stenosis at the C6-7. He performed a fusion on April 25, 1994. The attempted fusion failed.
10. On February 26, 1996, plaintiff saw Dr. Craig A. Van Der Veer. Dr. Van Der Veer diagnosed a failed fusion at C6-7 and performed another fusion on March 15, 1996.
11. Dr. Van Der Veer testified and the Commission finds as a fact that the trauma associated with the plaintiff's January 8, 1993 injury exacerbated her pre-existing conditions of cervical spondylosis and foraminal stenosis to the extent that they became symptomatic.
12. From January 8, 1993 to the present, plaintiff's complaints of pain associated with her neck, left arm, and shoulder have been consistent. Plaintiff has consistently related the beginning of her symptoms to the January 8, 1993 injury.
13. The plaintiff's complaints of pain and its existence since the date of her January 8, 1993 injury are credible.
14. As a result of plaintiff's January 8, 1993 injury by accident, plaintiff's pre-existing neck condition became symptomatic, thereby causing pain, disability, and the need for further medical care.
15. As a result of plaintiff's injury, plaintiff became disabled on November 23, 1993. This disability ended June 17, 1996 at which time the plaintiff was released to return to work without restrictions.
16. Plaintiff retained a twenty percent (20%) permanent partial disability to her back, and a five percent (5%) permanent partial disability to her leg as a result of her January 8, 1993 injury by accident. The five percent permanent partial disability to her leg is a result of residual numbness due to the harvest of bone from her hip for the fusion to her neck.
 *************
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. To the extent that plaintiff had pre-existing conditions of cervical spondylosis and foraminal stenosis, those conditions were aggravated by the plaintiff's January 8, 1993 injury by accident, proximately causing disability. The resulting disability is compensable. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's January 8, 1993 compensability injury by accident, she was temporarily totally disabled from November 23, 1993 until June 17, 1996. N.C. Gen. Stat. § 97-29.
3. The plaintiff retains a twenty percent (20%) permanent partial disability to her back, and a five percent (5%) permanent partial disability to her leg as a result of her injuries, entitling her to 60 weeks and 10 weeks respectively, for her permanent partial disability. N.C. Gen. Stat. § 97-31.
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. As a result of plaintiff's compensable injury by accident of January 8, 1993, the defendants shall pay to plaintiff temporary total disability compensation at the rate of Two Hundred and One Dollars and 79/100 ($201.79) per week from November 23, 1993 until June 17, 1996 subject to the award of an attorney's fee to plaintiff's counsel as approved below. This amount has accrued and shall be paid in a lump sum.
2. As a result of the above described injury by accident, the plaintiff is entitled to compensation at the rate of Two Hundred One Dollars and 79/100 ($201.79) per week for 60 weeks as a result of her twenty percent (20%) permanent partial disability to her back, and 10 weeks as a result of her five percent (5%) permanent partial disability to her leg. This compensation has accrued and shall be paid in a lump sum subject to an award of attorney's fees as provided below.
3. Defendants shall pay all medical expenses incurred by the plaintiff as a result of this injury by accident of January 8, 1993, for so long as such treatment is reasonably necessary to effect a cure, give relief, or tends to lessen plaintiff's period of disability. This medical treatment includes but is not limited to plaintiff's surgeries for her bone fusions as described above.
4. An attorney's fee in the amount of twenty-five percent (25%) of the compensation in this Award is HEREBY APPROVED for plaintiff's counsel. Said fee shall be deducted from the lump sum payable to plaintiff and shall be paid directly to plaintiff's counsel.
5. Defendants shall pay the costs.
This the ___ day of September 1998.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR., CHAIRMAN
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER